[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT
The parties to this foreclosure action have each filed motions for summary judgment. They agree that no facts are in dispute and that the only issue dividing them is the legal question of whether the plaintiff's Notice of Acceleration is valid. If it is, all factual issues will have been resolved in favor of the plaintiff. If it is not, the plaintiff, having failed to comply with the acceleration requirements as set forth in the mortgage note, would not be entitled to judgment of foreclosure as a matter of law, and judgment should enter in favor of the defendant based on her special defense.
The defendant does not contest the timeliness of the notice in so many words, but rather claims that the mortgage documents provide a different time frame within which to cure a default than that provided in the Notice of Acceleration. Specifically, the note required the lender to specify "a date, not less than 30
CT Page 9082 days from the date the notice is given to borrower. . ." (Emphasis added.). The actual notice demands "payment within 30days". (Emphasis added.) The defendant also claims that the note's requirement that the notice "specify . . . a date" mandates the statement of a specific day (e.g., September 10, 1995) that is not less than thirty days from the date that notice was given.
Judge Vertefeuille's decision in Fortune Savings Bank v.Michael Thibodeau, et al, Sup. Ct., JD, of New Haven, DN. 330358 7 Conn.. L. Rptr. 611 (November 17, 1992), involving facts similar to those here, is both instructive and persuasive. The clear and express wording of the note requires the plaintiff to "specify a date", not merely to indicate a time frame. Given the drastic nature of the foreclosure remedy, the requirements set forth in the note ought to be strictly construed. Although the Thibodeau case involved an out-of-state defendant, that is a difference without a distinction. This court therefore adopts Judge Vertefeuille's reasoning and her holding.
The failure to give proper notice of default in compliance with the express terms of the mortgage note prohibits the plaintiff from accelerating the debt and foreclosing on the property. The plaintiff's motion for summary judgment is therefore denied, and the defendant's motion for summary judgment is therefore granted.